**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| QWENTIN HOWARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 25 CV 6385 |
| | ) |
| CITY OF CHICAGO, JOHN SANDERS, | ) |
| JULIAN IRVING, and SARAH ABUOSBA, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

NOW COMES the Plaintiff, QWENTIN HOWARD, by and through his counsel,

SAMUELS & ASSOCIATES, LTD., and complaining of the defendants, CITY OF CHICAGO,

JOHN SANDERS, JULIAN IRVING, and SARAH ABUOSBA, states as follows:

**INTRODUCTION**

This is a civil action seeking damages against defendants for committing acts

under color of law, and depriving Plaintiff of rights secured by the Constitution and

laws of the United States.

**JURISDICTION**

1.   This action is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and the

     Fourth and Fourteenth Amendments to the United States Constitution.

2.   The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. §

     1331 and 1343 (a); the Constitution of the United States.

3.   Pendent jurisdiction as provided under 28 U.S.C. § 1367(a).

1

## PARTIES

4.      Plaintiff QWENTIN HOWARD is a citizen of the United States of America, who, at all times relevant, resided in Cook County, Illinois.

5.      Defendants JOHN SANDERS, JULIAN IRVING, and SARAH ABUOSBA, ("Defendant Officers") were, at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in the conduct complained of in the course and scope of their employment and under color of law. They are sued in their individual capacities.

6.      Defendant CITY OF CHICAGO ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Officer.

## FACTS

7.      On or around 23 December 2024, Plaintiff Qwentin Howard was pulled over by Defendants Irving and Abuosa.

8.      Plaintiff disclosed he was a CCL holder and there was a firearm in the vehicle.

9.      Plaintiff showed Defendant Irving his electronic FOID/CCL card, and Defendant Irving ran his name.

10.     Defendant Abuosa asked to retrieve Plaintiff's weapon.

11.     Plaintiff informed the officers the weapon had six bullets in it.

12.     Defendant Abuosa retrieved Plaintiff's weapon from the vehicle and took bullets out of his gun.

13. Defendant Abuosa then put Plaintiff's weapon in his trunk and told him he could retrieve it after the officers left.

14. After the officers left, Plaintiff checked his weapon and noticed two bullets were missing.

15. Plaintiff went to the 51st & Wentworth police station to report the missing bullets.

16. Once there, Plaintiff was confronted by Defendant Sanders, Abuosa, and Irving.

17. Defendant Sanders told Plaintiff to take him out to his car and explain what occurred.

18. Plaintiff did, but informed the Defendant Officerss h would be recording the interaction to protect himself.

19. Defendant Sanders then ordered Plaintiff to show Defendant Irving his FOID/CCL card.

20. Plaintiff began to retrieve his electronic FOID/CCL card.

21. This time, however, Defendant Sanders and Defendant Irving insisted that Plaintiff needed a physical card.

22. Plaintiff informed them that an electronic card would suffice and he had never had a problem with any other law enforcement when presenting his electronic card.

23. Defendant Sanders responded, "Well, you have a problem now because you're accusing my officers of stealing your bullets."

24.     Plaintiff asked Defendant Sanders to clarify if it was a problem because he did
        not have a physical CCL/FOID card or because he was reporting his missing
        bullets.

25.     Defendant Sanders reiterated that he took exception to Plaintiff implying that his
        officers stole Plaintiff's bullets.

26.     Plaintiff told the officers if he was wrong then he apologized, but he did not
        want to have any bullets linked to him turn up later and him getting in trouble
        for it so he came to make the report.

27.     Defendant Sanders then ordered Defendant Irving to detain Plaintiff.

28.     Defendants Irving and Abuosa then handcuffed and arrested Plaintiff.

29.     Defendant Abuosa told Plaintiff that he was being arrested because he wanted to
        escalate the issue and making it a bigger than it had to be.

30.     Defendant Officers caused plaintiff to be charged with unlawful use of a weapon
        for failing to carry a physical FOID/CCL card (430 ILCS 66.0/10-H).

31.     In furtherance thereof, Defendants filed false and incomplete police reports to
        cover up for their misconduct.

32.     For example, none of the reports indicate that Mr. Howard was there to file a
        complaint related to a previous traffic stop that evening.

33.     The arrest and case reports falsely indicate that the arresting officers were
        conducting a street stop in front of the police station.

34.     Further, the arrest report fails to document that Defendant Sanders was an active
        participant in the detention, arrest, and charging of Plaintiff.

35.     There was no probable cause for the charging of Plaintiff.

36.     Pursuant to 430 ILCS 65/6.2, "[t]he display or possession of an electronic version of a valid Firearm Owner's Identification Card in accordance with the requirements of the Illinois State Police satisfies all requirements for the display or possession of a valid Firearm Owner's Identification Card under the laws of this State."

37.     On 14 May 2025, the charge against Mr. Howard was dismissed.

38.      The acts of the Defendant Officers were intentional, willful, and wanton.

39.     As a direct and proximate result of the unlawful actions of the defendants, Plaintiff was injured, including humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of his constitutional rights and dignity, interference with a normal life, lost time, and attorneys' fees.

### COUNT I: 42 U.S.C. § 1983 – First Amendment Retaliation

40.     Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

41.     Plaintiff exercised his First Amendment rights.

42.     Plaintiff's exercise of his First Amendment rights is a constitutionally protected activity, including recording the police and petitioning the government for redress of his grievances.

43.     Defendant Officers retaliated against Plaintiff because he exercised his First Amendment rights.

44.     Arresting someone and charging them with a crime they did not commit for

        exercising his or her constitutional right will deter others from taking part in this

        protected activity.

45.     As a direct and proximate result of the malicious actions of Defendant Officers,

        Plaintiff was injured, including, but not limited to, embarrassment, humiliation,

        the deprivation of his constitutional rights and dignity, damage to his reputation,

        interference with a normal life, and severe emotional distress.

        WHEREFORE the Plaintiff, QWENTIN HOWARD, purusant to 42 U.S.C. §1983,

demands judgment against the Defendants, JOHN SANDERS, JULIAN IRVING, and

SARAH ABUOSBA, for compensatory damages, punitive damages, the costs of this

action and attorneys' fees, and any such other and further relief as this Court deems

equitable and just.

### COUNT II: 42 U.S.C. § 1983 – Indemnification

46.     Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

47.     Defendant City is the employer of the Defendant Officers.

48.     The individually-named defendants committed the acts alleged above under

        color of law and in the scope of their employment as employees of the Defendant

        City.

        WHEREFORE the Plaintiff, QWENTIN HOWARD, demands that, should any

individually-named defendant be found liable on one or more of the claims set forth

above, pursuant to 745 ILCS 10/9-102, that Defendant City be found liable for any

judgment Plaintiff obtains, as well as attorney's fees and costs awarded

## COUNT III: Intentional Infliction of Emotional Distress

49.     Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

50.     The above-detailed conduct by Defendant Officers was extreme and outrageous, exceeding all bounds of human decency.

51.     Defendants Officers performed the acts detailed above with the intent of inflicting severe emotional distress or with knowledge of the high probability that the conduct would cause such distress.

52.     Defendant City is sued in this to the doctrine of *respondeat superior*, in that Defendant Officers performed the actions complained of while on duty and/or in the employ of Defendant City, and while acting within the scope of their respective employment.

53.     As a direct and proximate result of this conduct, Plaintiff did, in fact, suffer severe emotional distress, resulting in injury to his mind, body, and nervous system, including loss of sleep, mental anguish, and excruciating pain and emotional suffering.

WHEREFORE the Plaintiff, QWENTIN HOWARD, demands judgment against the Defendants, CITY OF CHICAGO, JOHN SANDERS, JULIAN IRVING, and SARAH ABUOSBA, for compensatory damages, punitive damages, the costs of this action and legal costs, and any such other and further relief as this Court deems equitable and just.

## COUNT V: Malicious Prosecution

54.     Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

7

55. By the actions detailed above, Defendant Officers knowingly sought to and did in fact maliciously prosecute Plaintiff on false charges for which they knew there was no probable cause.

56. Defendant City is sued in this Count pursuant to the doctrine of *respondeat superior*, in that Defendant City performed the actions complained of while on duty and/or in the employ of Defendant City, and while acting within the scope of this employment.

57. As a direct and proximate result of the malicious prosecution, Plaintiff was damaged, including the value of his lost liberty, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, embarrassment, and anguish.

WHEREFORE the Plaintiff, QWENTIN HOWARD, demands judgment against the Defendants, CITY OF CHICAGO, JOHN SANDERS, JULIAN IRVING, and SARAH ABUOSBA, for compensatory damages, punitive damages, the costs of this action and legal costs, and any such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted,
**QWENTIN HOWARD**

By:   s/ Jeanette Samuels

SAMUELS & ASSOCIATES, LTD.
53 West Jackson Blvd., Suite 831
Chicago, Illinois 60604
T: (872) 588-8726
F: (872) 813-5256
E: sam@chicivilrights.com