UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

QWENTIN HOWARD,

        Plaintiff,

    V.

CITY OF CHICAGO, JOHN SANDERS,
JULIAN IRVING, and SARAH ABUOSBA,

        Defendants.

No. 25 CV 6385

Judge Manish S. Shah

**MEMORANDUM OPINION AND ORDER**

Qwentin Howard is a registered gun owner and holder of both a Firearm Owner's Identification card and a concealed carry license. When he was pulled over by Chicago Police Officers Julian Irving and Sarah Abuosba, he informed them that he had a firearm with him, produced an electronic version of his FOID/CCL documents, and cooperated with them storing the weapon in his trunk for the duration of the stop. After the stop, he noticed two bullets were missing and proceeded to a police station to file a report. At the station, Irving and Abuosba, as well as their supervisor, Chicago Police Officer John Sanders, took issue with Howard's attempt to file a report, and arrested him for failing to carry a physical copy of his FOID card. After the charge was dismissed, Howard sued the individual officers and the City of Chicago for First Amendment retaliation, intentional infliction of emotional distress, and malicious prosecution. Defendants now move to dismiss the complaint. For the reasons below, the motion to dismiss is granted in part and denied in part.

## I.   Legal Standards

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). While a plaintiff does not need to make detailed factual allegations, he must provide "more than mere 'labels and conclusions,' or a 'formulaic recitation of the elements of a cause of action.'" *Wertymer v. Walmart, Inc.*, 142 F.4th 491 (7th Cir. 2025) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter," to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* I construe the complaint in the light most favorable to Howard, "accepting all well-pled facts as true and drawing all inferences in his favor." *Ruiz v. Pritzker*, 162 F.4th 886, 889 (7th Cir. 2025).

## II.   Facts

Qwentin Howard was pulled over by Chicago Police Officers Julian Irving and Sarah Abuosba. [1] ¶ 7.* During that stop, Howard informed the officers that he had a concealed carry license and there was a firearm in the vehicle. [1] ¶ 8. Howard showed Irving his electronic Firearm Owner's Identification card, and Abuosba asked for the weapon. [1] ¶ 9–10. Howard told the officers that the weapon had six bullets in it. [1] ¶ 11. Abuosba took the weapon from the vehicle, removed its bullets, and

---

* Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header at the top of filings.

2

placed the weapon in the trunk of Howard's vehicle for Howard to retrieve after the officers left. [1] ¶¶ 12–13.

When Howard retrieved his weapon, he noticed that two bullets were missing. [1] ¶ 14. Howard then went to the Chicago Police Department station at 51st & Wentworth to report the missing bullets. [1] ¶ 15. At the station, Howard was confronted by Abuosba and Irving, as well as Chicago Police Officer John Sanders. [1] ¶ 16. Sanders told Howard to take him to his car and explain what happened. [1] ¶ 17. Howard complied and told the officers that he would be recording the interaction to protect himself. [1] ¶ 18.

At that point, Sanders ordered Howard to produce his FOID card to Irving. [1] ¶ 19. Howard began to retrieve his electronic FOID card, but Sanders and Irving insisted that a physical card was required. [1] ¶¶ 20–21. Howard told them that an electronic card was sufficient and he had never had a problem presenting his electronic card to law enforcement. [1] ¶ 22. Sanders responded, "Well, you have a problem now because you're accusing my officers of stealing your bullets." [1] ¶ 23.

Howard asked Sanders whether it was a problem because he did not have a physical FOID card or because he was reporting his missing bullets. [1] ¶ 24. Sanders reiterated that he took exception to Howard implying that his officers stole Howard's bullets. [1] ¶ 25. Howard told the officers that he apologized if he was wrong, but he did not want to have any bullets linked to him turn up later, so he came to make the report. [1] ¶ 26. Sanders ordered Irving to detain Howard, and Irving and Abuosba then handcuffed and arrested Howard. [1] ¶¶ 27–28. Abuosba told Howard that he

3

was being arrested because he wanted to escalate the issue and make it bigger than it had to be. [1] ¶ 29.

Howard was charged with unlawful use of a weapon for failing to carry a physical FOID card. [1] ¶ 30. The charge against Howard was dismissed. [1] ¶ 37. Howard then brought this suit, alleging violations of federal and state law. *See* [1].

### III.    Analysis

Against the individual officers, Howard brings a claim for First Amendment retaliation under 42 U.S.C. § 1983, as well as state law claims for intentional infliction of emotional distress and malicious prosecution. [1]. Against the City of Chicago, Howard brings an independent count for indemnification under 745 ILCS 10/9-102 and alleges that the City is liable for the state law claims against the individual officers under the doctrine of respondeat superior. [1] ¶¶ 46–57.

To state a First Amendment retaliation claim, Howard must allege facts sufficient to support a reasonable inference "that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Woodruff v. Mason,* 542 F.3d 545, 551 (7th Cir.2008)).

"Grievances addressed to a government agency are, if intelligible, nonfrivolous, and nonmalicious, petitions for the redress of grievances within the meaning of the First Amendment and are therefore prima facie protected by the amendment." *Hughes v. Scott*, 816 F.3d 955, 956 (7th Cir. 2016). As a private citizen,

Howard's expressive conduct does not need to be of public concern to be entitled to First Amendment protections. *See Hedgepeth v. Britton*, 152 F.4th 789, 795 (7th Cir. 2025) (applying the test for whether speech is on a matter of public concern to determine the rights of public employees).

Howard's complaint contains facts sufficient to state a claim for first amendment retaliation. Submitting (or attempting to submit) a complaint to the police department about missing bullets is an intelligible and nonfrivolous petition for the redress of grievances that is protected by the First Amendment. Being arrested would deter reasonable individuals from submitting such petitions in the future. And the complaint expressly alleges that Howard was told he was being arrested for escalating the issue. A reasonable inference is that the escalation that motivated the arrest was Howard's effort to file a report with the police. Defendants are on notice as to the allegations Howard makes against them, and they state a plausible claim for relief.

A claim for intentional infliction of emotional distress under Illinois law must allege (1) conduct that was extreme and outrageous, (2) that the defendant knew there was a high probability that his conduct would cause the plaintiff severe emotional distress, and (3) that the conduct in fact caused the plaintiff severe emotional distress. *Fox v. Hayes*, 600 F.3d 819, 842 (7th Cir. 2010). To be considered "extreme and outrageous," "the conduct must go beyond all bounds of decency and be considered intolerable in a civilized community." *Honaker v. Smith,* 256 F.3d 477, 490

(7th Cir.2001) (citing *Kolegas v. Heftel Broad. Corp.,* 154 Ill.2d 1 (1992); *Campbell v. A.C. Equip. Servs. Corp.,* 242 Ill.App.3d 707 (4th Dist. 1993)).

The wrongdoing that Howard alleges, while improper and possibly illegal, does not rise to the level of "extreme and outrageous" conduct that results in tort liability. None of the cases cited by Howard supports the position that a bare unlawful arrest constitutes extreme and outrageous conduct. For example, in *Holder v. Ivanjack,* the plaintiff was not just arrested but also physically attacked and subjected to racial slurs. 39 F.Supp.2d 965, 970 (N.D. Ill. 1999). In *Fox v. Hayes,* a detective subjected the plaintiff to verbal abuse when she tried to comfort her husband following a polygraph—her husband having been wrongfully accused of murdering their three-year old daughter by the same detective. 600 F.3d 819 (7th Cir. 2010). Those cases present examples of conduct that "go beyond all bounds of decency"—Howard's complaint does not.

To state a claim for malicious prosecution under Illinois law, the complaint must allege: "(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff." *Beaman v. Freesmeyer,* 2019 IL 122654, ¶ 26 (Ill. 2019). Under Illinois law, a dismissal only qualifies as a "termination of the proceeding in favor of the plaintiff" when it is "indicative of innocence." *Swick v. Liautaud,* 169 Ill.2d 504, 513 (1996) ("Only when a plaintiff

establishes that the *nolle prosequi* was entered for reasons consistent with his innocence does the plaintiff meet his burden of proof.")

Howard moves to strike the portion of defendants' reply that argues for dismissal of the malicious prosecution claim because there was probable cause for the charges and his case was not terminated in a manner indicative of innocence. [22] (partial motion to strike); [21] at 6–7 (defendants' reply arguments regarding malicious prosecution). Arguments raised for the first time in a reply, as opposed to the memorandum in support of the motion, are generally waived. *Hernandez v. Cook Cnty. Sheriff's Off.*, 634 F.3d 906, 912–913 (7th Cir. 2011). It was unclear from the complaint, however, whether Howard was bringing a federal or state malicious prosecution claim. Illinois and federal law differ on what constitutes favorable termination. *Compare Thompson v. Clark*, 596 U.S. 36, 49 (2022) (holding that "a Fourth Amendment claim under § 1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence") *with Swick*, 169 Ill.2d at 513 (1996). Because defendants' failure to raise the favorable termination argument was excusable, and because considering the argument does not prejudice Howard, I deny the motion to strike.

Drawing all inferences in Howard's favor, the complaint states a claim for malicious prosecution under Illinois law. Irving had already seen Howard's electronic FOID card when stopping him earlier in the day, and an electronic FOID card is adequate under Illinois law. 430 ILCS 65/6.2 ("The display or possession of an electronic version of a valid Firearm Owner's Identification Card in accordance with

the requirements of the Illinois State Police satisfies all requirements for the display or possession of a valid Firearm Owner's Identification Card under the laws of this State."). Given that one officer had seen the FOID card, and Howard was offering to produce the card electronically again, the officers did not have probable cause to arrest Howard for failing to carry a FOID card.

While the complaint only alleges that "the charge against Mr. Howard was dismissed," I infer from the other facts in the complaint that Howard was innocent of the crime charged, and it is reasonable to infer that the only basis for dismissal was that innocence. Beyond the pleading stage, Howard will need to support with evidence that the charge was dismissed for reasons consistent with his innocence. For now, however, the malicious prosecution claim may go forward.

Defendants only argument for dismissing the indemnification claim is that the city cannot be held liable for the acts or omissions of its employees where the employees are not liable. [15] at 9. Since the First Amendment retaliation and malicious prosecution claims survive the motion to dismiss, the indemnification claim may also proceed.

## IV.    Conclusion

Defendants' motion to dismiss, [15], is granted in-part and denied in-part. Count III, alleging state law claims for intentional infliction of emotional distress, is

dismissed without prejudice. The motion is denied with respect to the remaining counts. Plaintiff's partial motion to strike, [22], is denied.


ENTER:

Manish S. Shah
United States District Judge

Date: February 18, 2026

9